CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 10 2007

JOHN F. CORCORAN, CLERK
BY:
　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AVERETT THOMPSON, ) | |
|     Petitioner, ) | Civil Action No. 7:07cv00571 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE JOHNSON, ) | By: Samuel G. Wilson |
|     Respondent. ) | United States District Judge |

Petitioner Averett Thompson, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his institutional conviction for possessing an unauthorized communication device. Thompson alleges that he was denied due process at his disciplinary hearing and that the procedure followed at his hearing violated Virginia Department of Corrections Division Operating Procedures ("DOP") and the Federal Rules of Evidence ("FRE"). As relief, Thompson requests that the infraction be removed from his record; that he be considered for custody, housing and work assignment promotions; that he be transferred to a lower security facility; and that he receive unspecified privileges and parole eligibility. The court finds that his claims have no merit, and therefore, dismisses his petition.

I.

On January 31, 2007, during a cell search, conducted by Reporting Officer Hicks, Thompson allegedly picked up a cellular telephone ("cellphone") that was beside his bed and forced his way past Hicks in order to successfully flush the cellphone down the toilet. Thompson was then charged with possessing an unauthorized communication device. Before his disciplinary hearing, prison authorities made a "penalty offer" to Thompson, which he rejected. In preparation for his hearing, Thompson requested a written statement from another inmate, whim he claimed witnessed his cell search. The Hearing Officer reviewed his request and determined that the request was relevant to

the offense and that a statement from the inmate witness would be obtained. It is unclear whether this witness ever actually provided a written statement. At his hearing, on February 13, 2007, the Reporting Officer testified as to the events that took place on January 31, 2007. Ultimately, the Hearing Officer found Thompson guilty and imposed a penalty of twenty days in isolation. Thompson appealed his conviction, challenging the sufficiency of the evidence. His appeal was denied. In denying his appeal, the officer determined that two eyewitnesses saw Thompson in possession of the cellphone and saw him flush it down the toilet. Based on these determinations, the officer found that there was "more than enough evidence" to find that Thompson was guilty. Thompson filed an appeal of that denial to the Regional Director, which was also denied based on findings that the evidence was sufficient to convict him and that there was no violation of the DOP. Thompson brings the instant petition challenging his conviction and claims that he was denied due process at his disciplinary proceeding because he was not advised of certain rights, he was denied his right to present witnesses, and he was not given a "[]sufficient" appeal. He also claims that the procedure followed at his hearing violated both the DOP and the FRE.

## II.

Thompson alleges that he was denied due process at his disciplinary hearing when he was not advised of the right to remain silent, he was denied the right to present a certain witness at his hearing, and he was provided an "insufficient appeal." The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interests, such as earned good conduct time, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). These limited due process rights include advanced, written notice of the charges, written findings, and a limited right to call witnesses. See id. at 563-64. However, an inmate is only entitled to these

2

procedural protections when the conviction results in the loss of statutory good time credits or where some other liberty interest is at issue. Id. Thompson does not allege that his disciplinary conviction for possessing an unauthorized communication device resulted in the loss of statutory good time credits, and thus, Thompson was not entitled to procedural protections at his disciplinary hearing. Further, the court finds that none of Thompson's allegations with regard to those convictions call into question any other liberty interest. Accordingly, Thompson's due process claim fails.

Thompson fails to allege facts indicating that he has been deprived of any federally protected liberty interest without due process regarding his hearing.[1] Thompson received twenty days in isolation as a result of his conviction.[2] Thompson does not challenge the conditions of his confinement while in isolation. Punitive isolation for brief and intermittent periods is not an atypical or significant hardship, and thus, no liberty interest arises. See Sandin, 515 U.S. at 484 (finding thirty days in disciplinary segregation did not cause a "major disruption" in inmate's environment because it did not exceed similar confinement in either duration or degree of restriction); Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (holding that a six-month term in segregation did not

---

[1] To the extent Thompson conclusively alleges that the process provided to him at his disciplinary hearing violated his right to equal protection, it fails. To establish an equal protection violation, a plaintiff must first demonstrate that he or she has been "treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination;" once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Because Thompson has not alleged any of the requisite conditions to a cognizable claim, his equal protection claim fails.

[2] Thompson seeks consideration for custody, housing, and work assignment promotions, transfer from his current level 5 security facility, and reinstatement of certain unspecified privileges; however, Thompson does not have a protected liberty interest in any of these things. See Oliver v. Powell, 250 F. Supp. 2d 593, 605 (E.D. Va. 2002); Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) (changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison."); Hewitt v. Helms, 459 U.S. 460, 468 (1983) (prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison.); Meachum v. Fano, 427 U.S. 215, 224 (1976) (same); Hamm-Bey v. Johnson, No. 7:05cv00559, 2005 WL 2563029 at *2 (W.D. Va. Oct. 11, 2005) (finding that a move to a new security level and coinciding limits to inmate's potential to earn good conduct credit does not trigger federal due process protections).

impose an atypical hardship where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions); Jackson v. Smith, 91 F.3d 130 (Table), 1996 WL 380254 (4th Cir. 1996) (unpublished) (affirming district court's judgment as a matter of law that confinement in isolation did not implicate a due-process protected liberty interest); Sadler v. Young, No. 7:04cv00580, slip op. at *9 (W.D. Va. Apr. 28, 2006) (finding that the imposition of disciplinary isolation does not amount to an atypical prison condition); Wells v. Mattern, No. 7:06cv00223, slip op. at *2 (W.D. Va. June 12, 2006) (citing Kennedy v. Blankenship, 100 F.3d 640, 642 n. 2, 643 (8th Cir. 1996) (holding that placement in punitive isolation was not an atypical and significant deprivation even though prisoner faced restrictions in mail, telephone, visitation, commissary, and personal-possession privileges)); Hutto v. Finney, 437 U.S. 678, 686, 98 S. Ct. 2565, 57 L. Ed. 2d 522 (1978) (finding that confinement to punitive isolation does not implicate cruel and unusual punishment unless conditions themselves are cruel and unusual); Sheley v. Dugger, 833 F.2d 1420, 1428-29 (11th Cir. 1987) (same); Gibson v. Lynch, 652 F.2d 348, 352 (3d Cir. 1981) (same). The court finds that Thompson's placement in isolation for a period of twenty days was not an atypical or significant hardship, and therefore, Thompson has failed to raise an issue of constitutional magnitude.

## II.

Thompson also alleges that the procedure followed at his disciplinary hearing violated Virginia Department of Corrections' DOP. Inmates have a right to be free of arbitrary punishment. See Howard v. Smyth, 365 F.2d 428 (4th Cir. 1966). However, their constitutional protections are limited, and a claim that prison officials have not followed their own policies or procedures does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); see also

4

Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983). Accordingly, Thompson's allegation that officials failed to follow DOP does not rise to the level of a constitutional violation and, thus, Thompson's claim fails.

### III.

To the extent Thompson alleges that the procedure followed at his disciplinary hearing violated the Federal Rules of Evidence ("FRE") because he was found guilty based on the reporting officer's testimony, his claim also fails. The FRE "govern proceedings in the courts of the United States and before the United States bankruptcy judges and the United States magistrate judges, to the extent and with the exceptions stated in rule 1101." See Fed. R. Evid. 101. The FRE are not applicable to institutional disciplinary hearings. See Hudson v. Johnson, 242 F.3d 534, 538 (5th Cir. 2001); Tedesco v. Sec'y for the Dep't of Corr., 190 Fed. Appx. 752, 757, 2006 U.S. App. LEXIS 16131 at *14 (11th Cir. 2006) (unpublished). Accordingly, even if the disciplinary hearing procedure did not conform to the FRE, Thompson's allegation nevertheless fails to state a claim.

### VI.

For the reasons stated, the court dismisses Thompson's § 2241 petition.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

**ENTER:** This /0th day of December, 2007.

_____
United States District Judge